ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 19 2012
CLERK, U.S. DISTRICT COURT
By_____
     Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § § | No. 4:12-CR-029-Y |
| MICHELE L. O'NEAL | § | |

## PLEA AGREEMENT WITH WAIVER OF APPEAL

Michele L. O'Neal, Alex Tandy, the defendant's attorney, and the United States of America (the "government"), agree as follows:

1. **Rights of the defendant**: O'Neal understands that she has the rights

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to have her guilt proven beyond a reasonable doubt;

   d. to confront and cross-examine witnesses and to call witnesses in her defense; and

   e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: O'Neal waives these rights and pleads guilty to the offense alleged in Count 1 of the Indictment, charging a violation of 18 U.S.C. §§ 2243(b) and 2246(2)(A), that is, Sexual Abuse of a Ward. O'Neal understands the nature and elements of the crime to which she is pleading guilty, and agrees that the factual resume she has signed is true and will be submitted as evidence.

3. **Sentence**: The maximum penalties the Court can impose include:

   a. imprisonment for a period not to exceed 15 years;

Plea Agreement - Page 1

    b.    a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c.    a term of supervised release of not more than 3 years, which may be mandatory under the law and will follow any term of imprisonment. If O'Neal violates the conditions of supervised release, she could be imprisoned for the entire term of supervised release;

    d.    a mandatory special assessment of $100;

    e.    restitution to victims or to the community, which may be mandatory under the law, and which O'Neal agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

    f.    costs of incarceration and supervision.

4.    **Court's sentencing discretion and role of the Guidelines**: O'Neal understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. O'Neal has reviewed the guidelines with her attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. O'Neal will not be allowed to withdraw her plea if his sentence is higher than expected. O'Neal fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5.    **Mandatory special assessment**: Prior to sentencing, O'Neal agrees to pay to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special assessment in this case.

6. **Defendant's agreement**: O'Neal shall give complete and truthful information and/or testimony concerning her participation in the offense of conviction. Upon demand, O'Neal shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding her capacity to satisfy any fines or restitution.

7. **Government's agreement**: The government will not bring any additional charges against O'Neal based upon the conduct underlying and related to the defendant's plea of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. The government will dismiss, after sentencing, any remaining charges in the pending Indictment. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against O'Neal or any property.

8. **Violation of agreement**: O'Neal understands that if she violates any provision of this agreement, or if her guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute O'Neal for all offenses of which it has knowledge. In such event, O'Neal waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, O'Neal also waives objection to the use against her of any information or statements she has provided to the government, and any resulting leads.

9. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

10. **Waiver of right to appeal or otherwise challenge sentence**: O'Neal waives her rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from her conviction and sentence. She further waives her right to contest her conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. O'Neal, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

11. **Representation of counsel**: O'Neal has thoroughly reviewed all legal and factual aspects of this case with her lawyer and is fully satisfied with that lawyer's legal representation. O'Neal has received from her lawyer explanations satisfactory to her concerning each paragraph of this plea agreement, each of her rights affected by this agreement, and the alternatives available to her other than entering into this agreement. Because she concedes that she is guilty, and after conferring with her lawyer, O'Neal has concluded that it is in her best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

12. **Entirety of agreement:** This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this ___ day of February, 2012.

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

_____
MICHELE L. O'NEAL
Defendant

_____
MATTHEW J. GULDE
Assistant United States Attorney
Illinois State Bar No. 6272325
801 Cherry Street, Unit 4
Burnett Plaza, Suite 1700
Fort Worth, Texas 76102
Telephone: 817-252-5000
Facsimile: 817-252-5455
Email: matthew.gulde@usdoj.gov

_____
ALEX TANDY
Attorney for Defendant

_____
MARK NICHOLS
Deputy Criminal Chief

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____        4/3/12
MICHELE L. O'NEAL                      Date
Defendant

Plea Agreement - Page 5

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____   _____4-13-12_____
ALEX TANDY                                    Date
Attorney for Defendant