IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 4:12-CR-029-Y |
| | § | |
| MICHELE L. O'NEAL (1) | § | |

## ORDER SETTING SCHEDULE FOR SENTENCING
### (Form Revised March 2011)

The schedule for sentencing the defendant in this case and all necessary events and requirements prior to the defendant's sentencing are set out below.

1. The probation officer shall conduct a presentence investigation and prepare a presentence report.

2. Counsel for the defendant shall be present at the initial interview between the defendant and the probation officer (with recent familiarity with U.S.S.G. § 3E1.1, application note 1(a)) and, within seven days from the date this order is filed, schedule the interview with the probation officer assigned to prepare the presentence report.

3. Counsel for United States of America, within seven days of the defendant's conviction, shall deliver to the probation officer a written report setting out with specificity:

   a. all information possessed by the office of the United States attorney for the Northern District of Texas that is relevant to (i) the sentencing of the defendant or (ii) the acceptability of the plea agreement, if any, including, but not limited to:

   (1) all criminal history of the defendant;

   (2) all criminal conduct of the defendant (whether or not charged) occurring at any time;

   (3) all statements made by the defendant (including transcripts that already have been made of recorded statements) and all other notes, memos, or other writings pertaining to any statement made by the defendant;

   (4) all investigative reports pertaining to the offense of conviction and to relevant conduct; and

  b. if the defendant was convicted after trial, a written summary of any evidence presented at trial not cumulative of the information provided pursuant to 3.a., above, and that is relevant to the sentencing of the defendant including especially, but not limited to, evidence that the defendant obstructed justice and evidence of relevant conduct; and

  c. in any case in which restitution can be ordered under 18 U.S.C. § 3663 or 18 U.S.C. § 3663A as a result of the defendant's criminal conduct, to the extent known to the government, the full names of all identified victims of defendant's criminal conduct for which restitution can be ordered, the amount of loss subject to restitution for each identified victim, each identified victim's complete address, and each identified victim's telephone number; provided, however, that all information provided to the probation officer pursuant to this paragraph is confidential and for the exclusive use of that office and this Court.

  4. If, during the presentence report investigation, a probation officer determines that Texas Youth Commission ("TYC") records are needed, the Court orders the TYC to release these records to the probation officer assigned to prepare the presentence report, acting in the performance of the officer's official duties pursuant to FED. R. CRIM. P. 32. The specific records that are to be released include documents pertaining to the defendant's social history, court disposition records, substance-abuse treatment records, psychological evaluations, other mental-health treatment records, educational records, general health records, adjustment-while-incarcerated records, and release dates from the TYC.

  5. The probation officer shall electronically file the presentence report with the clerk of Court and deliver a judge's copy to chambers,[1] **no later than August 22, 2012.**

  6. Written objections to the presentence report in the form illustrated in Exhibit A attached hereto, or written notice of no objections, shall be electronically filed with the clerk of Court and a judge's copy delivered to chambers **no later than September 5, 2012.**

---

[1] All deliveries to the Court, either by mail or hand-delivery are to be made to Charlotte White, courtroom deputy, Eldon B. Mahon United States Courthouse, 501 West 10th Street, Room 202, Fort Worth, Texas 76102.

Judge's copies of all documents filed electronically are required to be delivered to chambers within **24-hours of their electronic filing** and in accordance with the judge-specific requirements for the Judge Means.

7. A written response to the opposing party's objections to the presentence report shall be electronically filed with the clerk of Court and a judge's copy delivered to chambers **no later than September 12, 2012.**

8. If written objections to the presentence report have been timely filed, the probation officer shall electronically file an addendum to the presentence report and deliver a judge's copy to chambers **no later than September 19, 2012.**

9. Each party may electronically file, and deliver a judge's copy to chambers, a sentencing memorandum **no later than September 19, 2012.**

10. Any other item the parties wish the Court to consider in connection with sentencing, including character letters and victim statements, must be **delivered** to chambers **no later than September 19, 2012.**[2] All characters letters and victim statements written in **a foreign language** must be translated into English prior to submission to the Court. **No such letters or statements will be considered by the Court if not provided to the opposing party.**

11. Any motion for a sentence above or below the advisory guideline range set out in the presentence report shall be electronically filed with the district clerk and a copy of the motion shall be delivered to chambers **no later than September 26, 2012.**[3] Such a motion and any response thereto may be filed under seal without being accompanied by a motion to seal so long as the motion (or the response thereto) contains in its title the notation, "UNDER SEAL PURSUANT TO SCHEDULING ORDER DATED ___________."[4]

---

[2]Character letters and victim statements are **not** to be filed (manually or electronically) with the clerk of Court.

[3]Any party moving for a sentence above or below the advisory guideline range must set out in detail the facts that support such motion. The party must also clearly indicate whether the party is seeking an upward or downward departure under Chapters Four or Five of the United States Sentencing Guidelines or is seeking a sentence outside the guidelines regime under 18 U.S.C. § 3553(a), or both. If the party is seeking a sentence under subsection (a) of § 3553, the party must identify the paragraphs and subparagraphs of subsection (a) that the facts implicate in support of a sentence above or below the advisory guideline range and demonstrate in detail how they do so.

[4]Motions for a sentence above or below the advisory guideline range filed under seal may be filed electronically pursuant to LCrR 55.3.

12.  Any party served with a motion for a sentence above or below the advisory guideline range shall electronically file a response with the clerk of Court and a judge's copy shall be delivered to chambers **no later than October 3, 2012.**

13.  The probation officer shall **deliver**[5] to chambers a sentencing recommendation **no later than noon on October 9, 2012.**

14.  The sentencing hearing is set for **10:30 a.m.** on **October 15, 2012.**

15.  Before a party files a motion to continue sentencing, he must confer with counsel for the other party concerning what dates he cannot be available for sentencing over the ensuing sixty-day period.  The party's motion for continuance must then set out those dates.  The motion must also inform the Court of how long the party desires to postpone sentencing.

16.  The parties must be prepared at the sentencing hearing to present evidence, arguments, and legal authorities relating to any factual or legal issues that are raised by the presentence report or any addendum thereto or any objection to either.

17.  All motions and responses to motions any party wishes the Court to consider in connection with any sentencing matter shall be electronically filed with the clerk and a judge's copies delivered to chambers.  If a party desires the sealing of any such motion or response, the heading of the instrument must state that the document is being filed "under seal" and, except as set out in numbered paragraph 11, above, be accompanied by a motion to seal.

SIGNED April 19, 2012.

_Terry R. Means_
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

TRM/cw

---

[5]The recommendation is **not** to be filed.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | CRIMINAL NO. 4:00-CR-000-Y |
| JOHN DOE (1) | § | |

### OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

TO THE HONORABLE TERRY R. MEANS, UNITED STATES DISTRICT JUDGE:

 COMES NOW, JOHN DOE, defendant, by and through his attorney of record Jane Doe, and hereby submits these written objections to the presentence investigation report (PSR) dated January 3, 2008, as prepared by U.S. Probation Officer, Don Smith, and shows as follows:

OBJECTION NO. 1:

 Defendant objects to paragraph 10 on page 3 of the PSR because . . . .

OBJECTION NO. 2:

 Defendant objects to paragraph 25 on page 7 of the PSR because . . . .

 WHEREFORE, Defendant respectfully submits these written objections to presentence investigation report and requests the Court to sustain the objections and to grant such other and further relief as may be warranted.

       Respectfully submitted,

       _____
       Jane Doe
       State Bar No. 00000000
       FIRM NAME
       ADDRESS
       TELEPHONE NUMBER
       FACSIMILE NUMBER

       Attorney for John Doe

**EXHIBIT 'A'**

CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the above and foregoing Defendant's Written Objections to Presentence Investigation Report have been served upon the Assistant U.S. Attorney and U.S. Probation Officer on this the _____ day of _____, 2011.

_____
Jane Doe

**EXHIBIT 'A'**